829 F.2d 1121
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rafiq ZAIDI, President, Black Concerned Citizens,
Portsmouth, Virginia, Plaintiff-Appellant,
v.
Rondle E. EDWARDS, School Superintendent, Portsmouth,
Defendant-Appellee,
v.
Helen JONES, Chairman of the Board, Portsmouth School Board;
R. Franklin Hawkins, Jr., Member, Portsmouth School Board;
Helan Davis, Member, Portsmouth School Board; Kathryn
Gravatt, Member, Portsmouth School Board; Floyd Miller,
Jr., Member, Portsmouth School Board; Bishop Thomas Talley,
Member, Portsmouth School Board; James Pickrell, Member,
Portsmouth School Board; John Shuler, Member, Portsmouth
School Board; Robert Spencer, Jr., Member, Portsmouth
School Board; Horace S. Savage, Clerk, Portsmouth School
Board, Defendants.
 No. 86-3666.
 United States Court of Appeals, Fourth Circuit.
 Argued July 31, 1987.
Decided Sept. 22, 1987.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk, Robert G. Doumar, District Judge. (CA-86-507-N)
 Sa'ad El-Amin for appellants.
 George M. Willson, Assistant City Attorney (Steven Lieberman, City Attorney, on brief), for appellee.
 Before HARRISON, L. WINTER, Chief Judge, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff brought a pro se action to enjoin the closing of a school from which he had graduated. He also sought to recover $25,000 in damages. His suit was dismissed and the district court imposed a sanction under Rule 11, F. R. Civ. P. The district court determined to require plaintiff to pay the attorney's fees of the innocent defendant.*
 
 
 2
 Defendant's lawyers claimed compensation in the amount of $3,256.20. The district court, after close questioning of defendant's lawyers, awarded them only $831.20, including costs.
 
 
 3
 In this appeal, plaintiff contends that the district court erroneously declined to permit his lawyer, retained for purposes of the sanctions hearing, to interrogate defendant's lawyers under oath about their fee request. He also contends that the district court did not sufficiently articulate the basis for the award it made.
 
 
 4
 We reject both contentions.
 
 
 5
 The basis of the award was sufficiently articulated. The district court found that $75 per hour was "representative" of fees charged in the area for the type of services provided, and that a "reasonable law firm" would have expended approximately 11 hours in responding to the complaint.
 
 
 6
 In this case, we see no need to address the question of when, if ever, a party against whom sanctions in the form of counsel fees are to be awarded, should have the right to interrogate his opposing counsel under oath concerning the latter's claim. There is nothing in this case to suggest that such an interrogation, in addition to the extensive questioning undertaken by the district judge, would have aided the court in making an award. Moreover, the award made was so eminently fair and reasonable that an error in denying the right to examine was completely harmless, even if we assume that there was such a right.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Only Dr. Edwards, Superintendent of the Portsmouth Public Schools, is involved in this appeal; the remaining defendants were voluntarily dismissed by plaintiff at an early stage of the proceedings